JOHN ROBERTELLI, ESQ. (ID NO.: 012601990)
RIVKIN RADLER LLP
21 MAIN STREET, SUITE 158
COURT PLAZA SOUTH – WEST WING
HACKENSACK, NEW JERSEY 07601
201-287-2460
Attorneys for Defendants, GEICO Insurance Company, GEICO Casualty Company,
GEICO Choice Insurance Company and GEICO General Insurance Company

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EXCLUSIVE AUTO COLLISION CENTER<br><br>Plaintiff,<br>v.<br>GEICO INSURANCE COMPANY; GEICO CASUALTY COMPANY; GEICO CHOICE INSURANCE COMPANY; GEICO GENERAL INSURANCE COMPANY<br><br>Defendants. | Civil Case No.:          (         )<br><br>**PETITION IN SUPPORT OF NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY PURSUANT TO 28 U.S.C. §1441** |

TO:   United States District Court
      District of New Jersey

Defendants, GEICO Insurance Company, GEICO Casualty Company, GEICO Choice Insurance Company and GEICO General Insurance Company ("GEICO"), by and through their attorneys, Rivkin Radler LLP, respectfully notifies this Court of the removal of the above-captioned matter to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1441 based upon the following:

1.   On October 31, 2017, Plaintiff, Exclusive Auto Collision Center (hereinafter "Plaintiff"), filed a Summons and Complaint naming GEICO Insurance Company, GEICO Casualty Company, GEICO Choice Insurance Company and GEICO General Insurance Company as Defendants in the Superior Court of New Jersey, Law Division, Bergen County,

under Docket No. BER-L-6901-17. (A true and accurate copy of the Summons and Complaint is annexed hereto as Exhibit "A" and incorporated herein by reference.)

2. On or about November 4, 2017, service of the Summons and Complaint was effectuated on GEICO.

3. There have been no further proceedings in the Superior Court of New Jersey to date.

4. Exhibit "A" constitutes all of the process, pleadings, and/or orders that have been filed in this action to date.

5. Plaintiff's action is a civil action over which this Court has original jurisdiction based upon diversity of citizenship under 28 U.S.C. §1332 and, thus, GEICO may remove to this Court pursuant to 28 U.S.C. §1441(a), *et. seq.*, which provides as follows:

> . . . any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

6. This action is within the original jurisdiction of this Court because there is complete diversity of citizenship among the parties. Specifically, upon information and belief, Plaintiff is a New Jersey Corporation with offices at 75 South Franklin Turnpike in Ramsey, Bergen County, New Jersey (See Exhibit "A").

7. Defendant, GEICO Insurance Company is a Maryland corporation with its principal place of business located in Chevy Chase, Maryland. GEICO Casualty Company is a Maryland Corporation with its principal place of business located in Chevy Chase, Maryland. GEICO Choice Insurance Company operates as a subsidiary of GEICO Corporation and is a Nebraska Corporation with its principal place of business located in Omaha, Nebraska. GEICO

General Insurance Company is a Maryland Corporation with its principal place of business located in Chevy Chase, Maryland.

8. On November 16, 2017, in a series of emails, Counsel for Plaintiff provided a damage estimate advising for the first time that the amount in controversy exceeds $75,000 (See Exhibit "B," Email).

9. This Notice of Removal has been filed within thirty days of receipt by GEICO of Plaintiff's "other papers" which indicate that the amount in controversy exceeded the $75,000 jurisdictional limit in District Court. Pursuant to 28 U.S.C. § 1446 (6)(3), the first papers were provided to GEICO on November 16, 2017. Further, Bergen County is within the venue of the United States District Court for the District of New Jersey.

10. Pursuant to 28 U.S.C. §1446(d), GEICO will promptly file a copy of this Notice of Removal with the Clerk of Court of the State of New Jersey, Bergen County, and will serve a copy of same upon Plaintiff.

11. Pursuant to 28 U.S.C. 1446(a), this Notice of Removal is signed pursuant to and in compliance with Fed. R. Civ. P. 11, *et. seq.*

For all the forgoing reasons, GEICO respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law. GEICO intends no admission of liability by this Notice and expressly reserves all defenses, motions, and pleas, including without limitation, objections to the sufficiency of the Plaintiff's pleadings.

WHEREFORE, Defendant, GEICO hereby files this Notice and Petition for Removal of this action from the State of New Jersey, Bergen County to the United States District Court for the District of New Jersey.

Dated: December 15, 2017
Hackensack, New Jersey

Respectfully submitted,

RIVKIN RADLER LLP
Attorneys for Defendants, GEICO Insurance Company, GEICO Casualty Company, GEICO Choice Insurance Company and GEICO General Insurance Company

By: _____
John Robertelli, Esq. (012601990)
21 Main Street, Suite 158
Court Plaza South – West Wing
Hackensack, New Jersey 07601
(201) 287-2460

3866467 v1

# Exhibit "A"

**MACKEVICH, BURKE & STANICKI**
James E. Mackevich
NJ Attorney ID 012621976
1435 Raritan Road P.O. Box 919
Clark, NJ 07066-0919
(732) 388 2121  Fax: 732-388-0330
JMackevich@MBSLawyers.com
Attorneys for Plaintiff

| | |
|---|---|
| EXCLUSIVE AUTO COLLISION CENTER<br><br>Plaintiffs<br><br>vs.<br><br>GEICO INSURANCE COMPANY; GIECO CASUALTY COMPANY; GEICO CHOICE INSURANCE COMPANY; GEICO GENERAL INSURANCE COM PANY<br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>BERGEN COUNTY<br><br>DOCKET NO. BER-006901-17<br><br>CIVIL ACTION<br><br>SUMMONS |

From The State of New Jersey to The Defendant(s) Named Above:

GEICO GENERAL INSURANCE COMPANY

The plaintiff(s), named above has filed a lawsuit against you in the Superior Court of New Jersey. The complaint, amended complaint and/or any amendments thereto attached to this summons states the basis for this lawsuit. If you dispute this complaint, amended complaint and/or any amendments thereto, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is provided and available in the Civil Division Management Office in the county listed above or online at http://judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff(s') attorney whose name and address appear above, or to plaintiff(s), if no attorney is named above. A telephone call will not protect our rights; you must file and serve a written answer or motion (with fee of $135.00 for Law Division and $105.00 for Chancery Division and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff(s) demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey statewide hotline at 1-888-LSNJ-LAW (576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is provided and available online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

DATED: October 22, 2017

_____
James E. Mackevich, Esq.
Attorney for Plaintiff

/s/ *Michelle M. Smith*
Before  Michelle M. Smith
Clerk Superior Court

Name of Defendant to be served:  GEICO GENERAL INSURANCE Company 300 Crosspoint Parkway, Getzville, NY

**MACKEVICH, BURKE & STANICKI**
James E. Mackevich
NJ Attorney ID 012621976
1435 Raritan Road P.O. Box 919
Clark, NJ 07066-0919
(732) 388 2121   Fax: 732-388-0330
JMackevich@MBSLawyers.com
Attorneys for Plaintiff

| | |
|---|---|
| EXCLUSIVE AUTO COLLISION CENTER<br><br>Plaintiff<br><br>vs.<br><br>GEICO INSURANCE COMPANY; GEICO CASUALTY COMPANY; GEICO CHOICE INSURANCE COMPANY; GEICO GENERAL INSURANCE COMPANY<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>BERGEN COUNTY<br><br>DOCKET NO. L-6901-17<br><br>CIVIL ACTION<br><br>FIRST AMENDED COMPLAINT |

The Plaintiff, by way of Complaint against the Defendants, states:

### THE PARTIES

1. The Plaintiff is New Jersey corporation with offices at 75 South Franklin Turnpike, Ramsey, NJ 07446.

2. Upon information and belief, the Defendants are affiliated insurance companies which commonly use the name "GEICO" all of whom are licensed to do business in New Jersey and all of whom do business in Bergen County, NJ. Upon information and belief, Defendants have offices 300 Crosspoint Parkway, Getzville, New York which office has responsibility for the Defendants' northern New Jersey operations. N.J. Department of Banking & Insurance records further indicate that the various GEICO entities have offices at One GEICO Plaza, Washington, DC 20076.

### FIRST COUNT
[Breach of Contract]

3. Plaintiff is an auto repair facility and utilizes its knowledge, experience and expertise to repair damaged vehicles.

4. Defendants have written and issued insurance policies for their insureds pursuant to which they have contractually agreed that in exchange for the payment of a premium, they will provide collision and comprehensive insurance and that in the event a vehicle owned by their insured is damaged, Defendant will pay the cost to restore the insured's vehicle to its pre-loss condition.

5. Plaintiff has repaired and restored to pre-loss condition, various vehicles owned by persons insured by the Defendants.

6. Plaintiff properly and professionally restored each of the vehicles owned by the Defendants' insureds or damaged by the Defendants' insureds to their pre loss condition and released the vehicles back to their owners.

7. In each of the cases described herein, the Defendants waived their right to be directly responsible for and to arrange for the repair of their insureds' vehicles. In doing so, the Defendants avoided the liability that would attach to them if the repairs were done incorrectly.

8. Instead, in each of the cases which are the subject of this dispute, the Defendants elected to pay for the cost of the repair in money. By electing to pay for the cost of repair in money, the Defendants lost and gave up the right to take control of the means and methods required to properly repair the vehicles and the right to arbitrarily determine the cost of the repair, including in particular, the labor rate, the procedures and the method of calculating reimbursement for paint and materials.

9. Defendants are obligated under the terms of the insurance policies which they have issued to indemnify their insureds for the loss incurred and to pay for all repairs required to restore the insured vehicles to safe and proper operating condition. Defendants are further obligated under the requirements of applicable administrative regulations to pay what is fair and reasonable to restore the insured vehicles to pre loss condition.

10. In each of the claims which are the subject of this dispute Plaintiff under took and completed all necessary repairs to the vehicles but the Defendants refused to pay for the full charges incurred.

11. In each of these cases which are the subject of this dispute, the insureds of the Defendants have assigned to the Plaintiff, their rights to payment of the claims registered with the Defendants.

12. By failing and refusing to pay the just and proper cost to properly repair the vehicles owned by their insured or subject to claims arising from the negligence of their insureds, the Defendants breached their contractual duties and economic damages have resulted.

Wherefore, Plaintiff demands judgment against the Defendants for compensatory damages, together with interest, attorney fees, costs of suit and such other relief as the Court deems just and proper.

## SECOND COUNT
[Unjust Enrichment]

13. Plaintiff repeats all prior allegations as if restated and repeated in full herein.

14. Defendants are obligated to pay for the cost to repair the vehicles owned by their insureds.

15. Defendants have refused to conform to their obligation and in so doing has been unjustly enriched by retaining monies that do not belong to them.

Wherefore, Plaintiff demands judgment against the Defendants for compensatory damages together with interest, attorney fees and costs of suit and such other relief as the Court deems just and proper.

### THIRD COUNT
### [QUANTUM MERIUT]

16. Plaintiff repeats all prior allegations as if restated and repeated in full herein.

17. Plaintiff is entitled to be paid the reasonable value for the work, services and parts which it provided for the benefit of the vehicles owned by the Defendants' insureds.

18. Defendants have refused to pay for the reasonable value for the work, services and parts which it provided to the vehicles owned by the Defendants' insureds and has been economically damaged the Plaintiff by reason of this misconduct.

Wherefore, Plaintiff demands judgment against the Defendants for compensatory damages together with interest, attorney fees and costs of suit and such other relief as the Court deems just and proper.

### FOUTH COUNT
### [FAILURE TO NEGOTIATE, BAD FAITH AND TORTIOUS INTERFERENCE]

24. Plaintiff repeats all prior allegations as if restated and repeated in full herein.

25. Each and every time the Plaintiff is requested to repair a vehicle, a contract arises between the Plaintiff and the vehicle owner.

26. New Jersey Statutes and Regulations mandate and require that the Defendants enter into good faith negotiations which are designed to ultimately reach an agreed upon price. In each and every case which is the subject of this dispute, the Plaintiff and the Defendants were unable to reach an agreed upon price because the Defendants' representatives refuse to negotiate labor rates and refuse to discuss or consider payment for procedures which are necessary for the proper repair of the vehicles in dispute.

27. Further upon information and belief by various means and techniques, Defendants and their representatives attempt to steer their insureds away from the Plaintiff and to convince their insureds to have their vehicles repaired at repair facilities with whom the Defendant has a pre-existing contractual relationship.

28. The ongoing course of conduct by the Defendants in refusing to negotiate and in taking unjust and unreasonable positions with respect to the repairs that are required and the efforts of the Defendants to steer repair work away from the Plaintiff individually and in the aggregate represent tortious interference with the Plaintiff's

contractual relationship with Defendants' Insureds and has directly and proximately caused the Plaintiff economic harm and damage.

Wherefore, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, interest, attorney fees and costs of suit and such other relief as the Court deems just and proper including the issuance of an order for equitable relief requiring the Defendant to negotiate claims in good faith.

## CERTIFICATION

I certify that to the best of the undersigned's knowledge, this matter is not the subject of any other action pending in any court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated at this time, except that there is a Special Civil Part subrogation action pending under Docket No. DC- DC-008582-17 in which this party has been named as a Defendant. I further certify that all confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b)

MACKEVICH BURKE & STANICKI
Attorneys for the Plaintiff

Dated: October 16, 2017

By_____
James E. Mackevich

## JURY DEMAND

Plaintiff demands a trial by jury by all issues.

MACKEVICH BURKE & STANICKI
Attorneys for the Plaintiff

Dated: October 16, 2017

By_____
James E. Mackevich

### DESIGNATION OF TRIAL COUNSEL

Plaintiff herein designates James E. Mackevich of the law firm of Mackevich, Burke & Stanicki as the Trial Counsel in this action.

                                                    MACKEVICH BURKE & STANICKI
                                                    Attorneys for the Plaintiff

                                                    By_____
Dated:   October 16, 2017                        James E. Mackevich

# Exhibit "B"

# John Robertelli

| | |
|---|---|
| **From:** | James Mackevich <jmackevich@mbslawyers.com> |
| **Sent:** | Thursday, November 16, 2017 10:17 AM |
| **To:** | John Robertelli |
| **Cc:** | Anthony Lake (Tonylake@optonline.net) |
| **Subject:** | Exclusive v Geico |
| **Attachments:** | 20171116101824926.pdf |

Preliminary List of Disputed Files. More likely to follow


James E. Mackevich, Esq.
MACKEVICH, BURKE & STANICKI
1435 Raritan Road
P.O. Box 919
Clark, NJ 07066-0919
(732) 388-2121 ext. 18
Fax (732) 388-0330
JMackevich@MBSlawyers.com
www.mbslawyers.com

1

# John Robertelli

| | |
|---|---|
| **From:** | James Mackevich <jmackevich@mbslawyers.com> |
| **Sent:** | Thursday, November 16, 2017 10:18 AM |
| **To:** | John Robertelli |
| **Cc:** | Anthony Lake (Tonylake@optonline.net) |
| **Subject:** | Exclusive v Geico |
| **Attachments:** | 20171116101916674.pdf |

Preliminary summary

James E. Mackevich, Esq.
MACKEVICH, BURKE & STANICKI
1435 Raritan Road
P.O. Box 919
Clark, NJ 07066-0919
(732) 388-2121 ext. 18
Fax (732) 388-0330
JMackevich@MBSlawyers.com
www.mbslawyers.com

1

# John Robertelli

| | |
|---|---|
| **From:** | James Mackevich <jmackevich@mbslawyers.com> |
| **Sent:** | Thursday, November 16, 2017 10:20 AM |
| **To:** | John Robertelli |
| **Subject:** | Exclusive v Geico |
| **Attachments:** | 20171116101946435.pdf |

Summary of GEICO estimates and comparison to final invoice from Exclusive

James E. Mackevich, Esq.
MACKEVICH, BURKE & STANICKI
1435 Raritan Road
P.O. Box 919
Clark, NJ 07066-0919
(732) 388-2121 ext. 18
Fax (732) 388-0330
JMackevich@MBSlawyers.com
www.mbslawyers.com

1

# John Robertelli

| | |
|---|---|
| **From:** | James Mackevich <jmackevich@mbslawyers.com> |
| **Sent:** | Thursday, November 16, 2017 10:22 AM |
| **To:** | John Robertelli |
| **Cc:** | Anthony Lake (Tonylake@optonline.net) |
| **Subject:** | Exclusive v GEICO |
| **Attachments:** | 20171116102017811.pdf |

Summary of hours comparison


James E. Mackevich, Esq.
MACKEVICH, BURKE & STANICKI
1435 Raritan Road
P.O. Box 919
Clark, NJ 07066-0919
(732) 388-2121 ext. 18
Fax (732) 388-0330
JMackevich@MBSlawyers.com
www.mbslawyers.com

1