UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Not for Publication**

EXCLUSIVE AUTO COLLISION CENTER,

*Plaintiff,*

v.

GEICO INSURANCE COMPANY, GEICO CASUALTY COMPANY, GEICO CHOICE INSURANCE COMPANY, GEICO GENERAL INSURANCE COMPANY,

*Defendants.*

Civil Action No. 17-13166 (JMV) (JBC)

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This case concerns reimbursements for automobile repair work done pursuant to insurance policies. Plaintiff Exclusive Auto Collision Center ("Plaintiff" or "Exclusive Auto") is suing Defendants Geico Insurance Company, Geico Casualty Company, Geico Choice Insurance Company, and Geico General Insurance Company (collectively "Defendants" or "Geico"), alleging insufficient reimbursements for Plaintiff's automobile repair work done pursuant to Defendants' insurance contracts with their insureds. Currently pending is Defendants' motion to dismiss Plaintiff's First Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 7-1. This motion was decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. The Court has considered the parties' submissions[1] and **GRANTS** Defendants' motion to dismiss without prejudice.

---

[1] Plaintiff's First Amended Complaint is referred to as "FAC" (D.E. 7-3); Defendants' brief in support of their motion to dismiss is referred to as "Def. Br." (D.E. 7-1); Plaintiff's brief in

## I. FACTUAL BACKGROUND[2]

Plaintiff alleges that Defendants have failed to properly reimburse Plaintiff for automobile repair work done pursuant to Defendants' insurance contracts with their insureds. FAC ¶ 12. Plaintiff is a New Jersey auto repair facility. *Id.* ¶¶ 3, 4. Defendants are a number of affiliated insurance companies licensed to sell car insurance in New Jersey and are headquartered in either New York or Washington, D.C. *Id.* ¶ 2. Plaintiff alleges that under the insurance contracts, Defendants pay for the repair of their insureds' damaged vehicles to their pre-loss condition. *Id.* ¶ 4. Plaintiff claims that the insureds assign Plaintiff their right to reimbursement under the policies. *Id.* ¶ 11. Plaintiff indicates that it has properly and professionally restored a number of Defendants' insureds' vehicles to pre-loss condition, but Defendants have failed to fully reimburse Plaintiff. *Id.* ¶ 5, 6, 10. Plaintiff alleges that pursuant to the insurance contracts, Defendants are obligated to pay Plaintiff for the full cost of these repairs, as determined by Plaintiff. *Id.* ¶ 9. Plaintiff adds that Defendants are also obligated to pay Plaintiff for the "fair and reasonable" costs of repair under "applicable administrative regulations." *Id.* ¶ 9.

## II. PROCEDURAL HISTORY

Plaintiff commenced this action by filing a Complaint in the Superior Court of New Jersey, on October 10, 2017. D.E. 6. Plaintiff the filed a First Amended Complaint on October 16, 2017. D.E. 7-3. Plaintiff seeks damages for (1) breach of contract (Count I); (2) unjust enrichment (Count II); (3) quantum merit (Count III); and (4) failure to negotiate, bad faith, and tortious

---

opposition is referred to as "Pl. Opp'n" (D.E. 10); and Defendants' reply is referred to as "Def. Reply" (D.E. 11).

[2] The following facts are derived from Plaintiff's First Amended Complaint. D.E. 7-3. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

interference (Count IV). D.E. 7-3. Defendants removed this action to this Court on December 15, 2017. D.E. 1.

On January 16, 2018, Magistrate Judge Clark issued an Order extending Defendants' time to answer Plaintiff's First Amended Complaint to January 24, 2018. D.E. 6. Defendants filed this present motion to dismiss on January 24, 2018. D.E. 7. Plaintiff's filed a brief in opposition, D.E. 10, to which Defendants replied, D.E. 11.

### III. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [its] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If,

after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

## IV. ANALYSIS

The Court begins the analysis by noting that all of Plaintiff's claims fail from the same infirmity: Plaintiff fails to sufficiently allege facts to plausibly support its claims. Plaintiff attempts to cure this infirmity by attaching a number of exhibits to its opposition brief. D.E. 10-1. However, a party cannot amend its complaint through its opposition brief. *Pennsylvania ex rel. v. Zimmerman v. Pepsico*, 836 F.2d 173 (3d Cir.1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Therefore, these additional exhibits cannot cure the defects in Plaintiff's First Amended Complaint.

<u>Breach of Contract (Count I)</u>

Defendants argue that Plaintiff has failed to plausibly plead enough factual allegations to support this claim. Def. Br. at 5-6. The Court agrees.

To plead breach of contract under New Jersey law, Plaintiff must allege that "(1) there was a contract; (2) that contract was breached; (3) the breach resulted in damages; and (4) the person suing for breach performed his own contractual duties." *Inventory Recovery Corp. v. Gabriel*, No. 2:11-cv-01604, 2012 WL 2990693, at *4 (D.N.J. July 20, 2012) (citing *Cotter v. Newark Housing Auth.*, 422 Fed. App'x. 95, 98 (3d Cir.2011)). While Plaintiff "need not provide a contract or its terms with [its] complaint ... [it] must do more than use the words 'breach' and 'contract' in the same sentence to establish a breach of contract claim." *Connolly v. Mitsui O.S.K. Lines Inc.*, No. 04-cv-5127, 2007 WL 4207836, at *10 (D.N.J. Nov. 21, 2007). Further, a plaintiff "lacks

4

standing to assert claims for breach of contract and breach of the duty of good faith and fair dealing" under New Jersey law, if the plaintiff "is not a party to the contracts nor have the [parties] assigned their contractual rights" to plaintiff. *Med. Soc'y of New Jersey v. AmeriHealth HMO, Inc.*, 376 N.J. Super. 48, 61 (App. Div. 2005).

Plaintiff fails to plausibly plead it breach of contract claim. Among other things, the First Amended Complaint fails to (1) provide a timeframe for the repairs, (2) indicate the approximate number of vehicles that were repaired, (3) identify the vehicles that were repaired, (4) indicate the approximate amount Plaintiff alleges that it is owed (either in total or by vehicle), (5) identify the pertinent insurance contract language that supports Plaintiff's claim (or, alternately, attach the insurance policies), (6) identify "the applicable regulations" or what the regulations provide; or (7) identify the controlling language from the assignments[3] (or, alternately, attach the assignments), the dates the assignments were executed, or the insureds who signed the assignments.

As a result, the Court dismisses Count I without prejudice.

Unjust Enrichment and Quantum Meruit (Counts II & III)

A plaintiff must allege the following for an unjust enrichment claim: "'(1) that the defendant has received a benefit from the plaintiff, and (2) that the retention of the benefit by the defendant is inequitable.'" *Melville v. Spark Energy, Inc.*, No. 15-cv-8706, 2016 WL 6775635, at *5 (D.N.J. Nov. 15, 2016) (quoting *Hassler v. Sovereign Bank*, 644 F.Supp.2d 509, 519 (D.N.J. 2009)). Quantum meruit has four elements: "(1) the performance of services in good faith; (2) the acceptance of the services by the person to whom they are rendered; (3) an expectation of compensation therefore; and (4) the reasonable value of the services." *TBI Unlimited, LLC v.*

---

[3] The scope of the assignments is also critical in deciding whether Plaintiff has standing to sue in place of the insureds.

5

*Clearcut Law Decisions, LLC*, No. 12-cv-3355, 2013 WL 1223643, at *5 (D.N.J. Mar. 25, 2013) (citing *Starkey v. Estate of Nicolaysen*, 172 N.J. 60, 68 (2002)). Counts II and III are insufficiently pled for the same reason as Count I. The Court dismisses Counts II and III without prejudice.

<u>Failure to Negotiate, Bad Faith, and Tortious Interference (Count IV)</u>

Plaintiff lastly alleges that Defendants breached a duty "to enter into good faith negotiations" regarding labor price and procedures for calculating reimbursement values, and "tortuous[ly] interefere[d]" with Plaintiff's business by steering insureds away from Plaintiff. FAC ¶¶ 24-28. Defendants argue that in New Jersey there is no independent cause of action for "failure to negotiate in good faith," and that Plaintiff does not plausibly allege a "bad faith" insurance claim or "tortious interference claim." Def. Br. at 10-13.

Defendants are correct that "there is no free-standing cause of action for failing to negotiate in good faith unless there was an agreement to do so." *Triple T Const., LLC v. Twp. of W. Milford*, No. 14-cv-2522, 2014 WL 2624764, at *5 (D.N.J. June 11, 2014) (citing *Wexco Indus. v. ADM21 Co., Ltd.*, No. 04-cv-5244, 2008 WL 5427867, at *10 (D.N.J. Dec.30, 2008) (Linares, J.) ("[T]here is no independent cause of action for a failure to negotiate in good faith. The duty of good faith is ... not imposed on parties until they have reached agreement and does not bind them during their earlier negotiations.")). Plaintiff fails to plausibly allege that Defendants had an agreement to negotiate in good faith. Therefore, Plaintiff's failure to negotiate claim in Count IV is dismissed without prejudice.

A plaintiff must prove two elements to succeed on a bad faith insurance argument: "'(1) the insurer lacked a "fairly debatable" reason for its failure to pay a claim, and (2) the insurer knew or recklessly disregarded the lack of a reasonable basis for denying the claim.'" *Serra v. Berkshire Life Ins. Co. of Am.*, No. 07-cv-1789, 2007 WL 2066384, at *2 (D.N.J. July 13, 2007) (quoting

*Ketzner v. John Hancock Mut. Life Ins. Co.*, 118 Fed. Appx. 594, 599 (3d Cir. 2004)). Here, Plaintiff has not plausibly alleged either of the two elements. In addition to the other factual infirmities, Plaintiff does not sufficiently state with specificity why Defendants did not have a reasonable basis in denying the payments at issue. Plaintiff's bad faith insurance claim in Count IV is dismissed without prejudice.

To state a claim for tortious interference under New Jersey law, "a plaintiff must prove: (1) an existing contractual relationship; (2) the defendant intentionally interfered with that contractual relationship; (3) the interference was undertaken with malice; and (4) damages resulting from the interference." *Bowie v. Costco Wholesale Corp.*, No. 16-cv-5808, 2017 WL 3168985, at *6 (D.N.J. July 26, 2017) (citing *Angrisani v. Capital Access Network, Inc.*, 175 Fed. Appx. 554, 557 (3d Cir. 2006)). Here, Plaintiff merely alleges in conclusory fashion that "Defendants and their representatives attempt[ed] to steer their insureds away from the Plaintiff[.]" FAC ¶ 27. A party cannot tortiously interfere with its own contract, and it is entirely unclear which contractual relationship is alleged to have been improperly interfered with by Defendants. As a result, the remainder of Count IV is dismissed without prejudice.

## V. CONCLUSION

In sum, the Court grants Defendant's motion to dismiss all counts of the First Amended Complaint (D.E. 7-3) without prejudice. Plaintiff has thirty (30) days to file an amended complaint, if it so chooses, consistent with this Opinion. If Plaintiff does not do so, this matter will be dismissed with prejudice. An appropriate Order accompanies this opinion.

**Date:** October 16, 2018

                                            JOHN MICHAEL VAZQUEZ, U.S.D.J.